IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> GOOD-NITE INN INVESTMENT, LLC, <br><br>  Defendant. | No. C 04-04024 CRB <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

 Plaintiffs seek summary judgment on their claim for breach of a collective bargaining agreement ("CBA") by defendant. Pursuant to the Employee Retirement Income Security Act ("ERISA"), plaintiffs seek to recover employee benefit contributions, liquidated damages, and interest due for the months of November 2004 through June 2005, as well as attorneys' fees. Defendant filed a statement of non-opposition to plaintiff's motion.

 Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue. See UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir.1994).

**United States District Court**
For the Northern District of California

1  Plaintiffs have submitted evidence establishing a prima facie case of breach of
2  contract by the defendant.  Defendant does not oppose the evidence submitted and does not
3  set forth facts controverting plaintiffs' claim.  Plaintiffs' claim for overdue compensation is
4  corroborated by the reporting forms.  Plaintiffs also correctly calculate the liquidated
5  damages, according to the CBA.  While the CBA does not provide a value for the appropriate
6  interest rate and requires only "reasonable" attorneys' fees, plaintiffs' calculations of a 4%
7  interest rate and $180/hr billing fee, as well as 12 attorney work-hours expended on this
8  claim, are reasonable.
9  After considering plaintiffs' motion and defendant's non-opposition, the Court
10 concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS plaintiffs'
11 motion for summary judgment.  Plaintiffs are awarded $44,737.28.
12 **IT IS SO ORDERED.**

15 Dated: October 3, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE